FILED

July 23 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0431

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 161N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JERRY PAUL GONZALES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 07-1022
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Penelope S. Strong, Attorney at Law; Billings, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

      Dennis Paxinos, Yellowstone County Attorney; Scott Twito, Deputy
County Attorney; Billings, Montana

Submitted on Briefs:  June 15, 2010

Decided:  July 23, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Jerry Paul Gonzales (Gonzales) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, denying his motion to withdraw his guilty plea.

¶3      The issue on appeal is as follows:

¶4      ***Did the District Court err in denying Gonzales's motion to withdraw his guilty plea?***

¶5      On December 6, 2007, Gonzales was charged by information and affidavit with the offense of attempted deliberate homicide after an investigation by the State indicated that Gonzales had tried to kill his wife by igniting the pickup truck she was in. Gonzales's wife later informed law enforcement that she was not in the vehicle and after negotiating with Gonzales, the State amended the charge and Gonzales plead guilty to felony arson.

¶6      On May 19, 2008, a sentencing hearing was held in which the District Court engaged Gonzales and his counsel, Jeffrey Michael (Michael).  At that time, Michael informed the District Court that Gonzales was considering withdrawing his guilty plea.

2

He informed the District Court that Gonzales had expressed concern over his guilty plea and the length of his potential sentence. Knowing that Gonzales suffered from learning disabilities, the District Court specifically asked Gonzales if he understood what Michael had said about withdrawing his guilty plea. Gonzales answered the District Court that he understood. The District Court then asked Gonzales how he wanted to proceed to which Gonzales replied that he would "rather just go on with the sentencing." Throughout the course of the conversation Gonzales continued to reiterate that he understood the plea agreement and that he wanted to proceed with sentencing. Accordingly, the District Court sentenced Gonzales to ten years commitment to the Department of Corrections with five years suspended.

¶7 On February 26, 2009, Gonzales filed a motion to withdraw his guilty plea. On May 27, 2009, after holding a hearing on the motion, the District Court denied Gonzales's motion to withdraw his guilty plea. Gonzales appeals.

¶8 On appeal, Gonzales argues that his guilty plea was involuntary and that "for a number of interlocking reasons . . . there was good cause to withdraw the plea." Specifically, Gonzales maintains that the District Court erred by ignoring relevant facts demonstrating that Michael rendered ineffective assistance and committed ethical violations including his refusal to refund money, failure to investigate, failure to advise, and failure to communicate with Gonzales. Gonzales argues that his learning disabilities, coupled with Michael's ineffective assistance, created a coercive situation and made his plea involuntary. Gonzales also asserts that there is no factual basis to support his plea. He contends that the amended information charged him with violating § 46-5-103(1)(a),

3

MCA, but that he pled guilty to § 46-5-103(1)(c), MCA. Gonzales argues that the discrepancy between what he was charged with and what he pled guilty to was the result of ineffective assistance of counsel and error by the District Court.

¶9 The State counters that Gonzales's learning disabilities did not render his plea involuntary. Pointing to the plea colloquy, the State asserts that Gonzales understood his rights and knew about the possible penalties and binding nature of the plea agreement. The State also argues that Gonzales waived appellate review of his claim that his alleged unethical fee arrangement with Michael coerced him into pleading guilty because he failed to raise that claim in the District Court. Likewise, the State argues that Gonzales also waived appellate review of his claims concerning the factual basis for his guilty plea. Finally, the State concludes by arguing that Gonzales has failed to demonstrate ineffective assistance of counsel pursuant to the *Strickland* test.

¶10 We review a district court's denial of a defendant's motion to withdraw his guilty plea de novo. *State v. Warclub*, 2005 MT 149, ¶ 17, 327 Mont. 352, 114 P.3d 254. In such a case, the issue of whether a plea was entered voluntarily is a mixed question of law and fact and the underlying factual findings are reviewed to determine whether they are clearly erroneous. *Warclub*, ¶ 23. It is the role of the trier of fact to decide the credibility of witnesses. *State v. Santos*, 273 Mont. 125, 131, 902 P.2d 510 (1995).

¶11 Here, not only did the District Court recognize Gonzales's learning disabilities but the transcripts reveal that the District Court repeatedly asked Gonzales if he understood both the plea agreement and his rights. Each time the District Court questioned Gonzales with respect to his understanding and whether he wanted to proceed, Gonzales responded

4

affirmatively. Furthermore, testimony in the record also supports the District Court's factual conclusions that Michael spoke with Gonzales about pleading guilty to felony arson and advised Gonzales of his rights. Although Gonzales disputed this testimony, it was the District Court's role as trier of fact to decide issues of credibility. *Santos*, 273 Mont. at 131. Accordingly, we find no merit in Gonzales's argument that Michael provided ineffective assistance of counsel by failing to communicate, investigate or advise him with respect to the charged offense or the plea agreement.

¶12 In addition, we agree with the State that Gonzales waived his claim that the fee arrangement coerced him into the plea agreement as well as his claim that there was no factual basis to support his guilty plea. While it may be that Gonzales plead guilty to knowingly placing "another person in danger of death or bodily injury," § 46-5-103(1)(c), MCA, when, in fact, he had only been charged with causing damages by fire to a vehicle pursuant to § 46-5-103(1)(a), MCA, he failed to present this issue to the District Court and we will not consider it on appeal. *State v. McFarlane*, 2008 MT 18, ¶ 12, 341 Mont. 166, 176 P.3d 1057.

¶13 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled

5

Montana law which the District Court correctly interpreted, and the record supports the District Court's denial of Gonzales's motion to withdraw his guilty plea.

¶14 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE